IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN A. ALVARADO, | ) | |
| Plaintiff(s), | ) | No. C 06-4227 TEH (PR) |
| v. | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| DEPUTY CRAWFORD, | ) | |
| Defendant(s). | ) | (Docket Nos. 2, 4) |

**INTRODUCTION**

Plaintiff, a prisoner at Contra Costa Detention Center, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that on November 5, 2003 "Deputy Crawford" used excessive force in the course of arresting him. Plaintiff has also filed two motions seeking to proceed in forma pauperis (docket nos. 2, 4). In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

**BACKGROUND**

Plaintiff alleges that Deputy Crawford shot at him "through the truck door" after Plaintiff jumped into his vehicle and closed the door upon being told by the deputy that he had a warrant for robbery, which Plaintiff knew was false. Plaintiff further alleges that he was later arrested for resisting arrest and other charges related to this incident. Because Plaintiff has not provided the Court with sufficient information to proceed, the complaint must be dismissed with leave to amend.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest ordinarily states a valid claim under 42 U.S.C. § 1983. <u>See</u> <u>Rutherford v. City of Berkeley</u>, 780 F.2d 1444, 1447 (9th Cir. 1986), <u>overruled on other grounds by</u> <u>Graham v. Connor</u>, 490 U.S. 386 (1989). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. <u>See</u> <u>Graham</u>, 490 U.S. at 394-95; <u>Forrester v. City of San Diego</u>, 25 F.3d 804, 806 (9th Cir. 1994).

However, the action cannot proceed here because Plaintiff has not provided the Court with the information necessary to determine whether a cognizable claim for relief has been stated. In order to proceed, Plaintiff must

first identify the city in which the incident occurred and the police (or peace) force by whom "Deputy Crawford" was employed so that the Court can determine whether the action was properly filed in this district. Plaintiff should also provide the Court with any further identifying information, including a first name or initial, so that the Court can attempt to have Defendant served with the complaint, if it is found sufficient.

Plaintiff has also informed the Court that he was arrested and prosecuted for resisting arrest in connection with this incident, but has not informed the Court the outcome of that case. Specifically, he has not informed the Court whether he was convicted of resisting arrest. In the amended complaint, Plaintiff must inform the Court of the outcome of that criminal prosecution. That is because, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

A claim for use of excessive force during the course of an arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998); Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996). However, in California, a conviction for resisting arrest pursuant to California Penal Code § 148 may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest. Smith v. City of Hemet, 394 F.3d 689, 696 (9th Cir.2005) (en

3

banc).  Thus, if a plaintiff has a § 148 conviction based on acts of resistance during the course of arrest, Heck bars claims that the police officers used excessive force during the course of that arrest.  Id. at 697.  Therefore, in the amended complaint, Plaintiff must inform the Court of the outcome of the criminal prosecution he faced for resisting arrest.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint which complies with this order within thirty (30) days from the date of this order.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

2. Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

4. The motion to proceed in forma pauperis is DENIED without prejudice (docket nos. 2, 4.)  The Court will review Plaintiff's requests anew should he file

|   |   |
|---|---|
| 1 | an amended complaint which complies with this order. |
| 2 | SO ORDERED. |
| 4 | DATED:  04/06/07     _____ |
| 5 | THELTON E. HENDERSON<br>United States District Judge |

5